UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON SETH PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00008-JMS-MJD |
| ) | |
| ROBERT ALLEGA, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion for Partial Summary Judgment**

Plaintiff Jason Perry, an inmate of the Indiana Department of Correction ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants Robert Allega and David Liebel violated his rights when they denied his requests for a kosher diet. He also alleges that defendants Isaac Randolph and David Liebel do not make Jewish religious items available for purchase on commissary, in violation of his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment. Defendants Liebel and Randolph seek partial summary judgment on Mr. Perry's religious items claim. For the following reasons, the defendants' motion for partial summary judgment is granted.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted undisputed (or disputed) fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). In deciding a motion for summary judgment, the only disputed facts that matter are material ones—

those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II. Facts

In February 2019, a form was issued to inmates relating to the purchase of religious items. Dkt. 65-1 p. 12 (Deposition of Jason Perry ("Perry Dep.") at 11:19-22); dkt. 65-3 (05G-WVC Religious Items). Several religious items were available for purchase on this form, including a Native American medicine bag, a kufi cap, a kippah cap, and a cross pendant. Dkt. 65-3; 65-4 ¶ 3. A "kippah"—also known as a yarmulke or a skull cap—is a Jewish religious item which is worn on the head. Dkt. 65-4, ¶ 4.

Mr. Perry received a copy of the religious items form in his mail bag. Dkt. 65-1 at 12 (Perry Dep. at 11:23-25). Mr. Perry also received a memo from Unit Team Manager Jerry Snyder explaining that items with an "X" were available but items without an "X" were not available. *Id.* at 13 (Perry Dep. at 12:1-7). Several items were not marked with an "X" on the religious items form, indicating that they were not available for purchase. Dkt. 65-3. This included a Star of David

pendant, a black hijab shawl, and a 20-inch rope chain. *Id.* Mr. Perry tried to order a Star of David pendant, but "it never got processed, never took the money out." Dkt. 65-1 at 15 (Perry Dep. at 14:16-23). He "tried one time, and then . . . filed a grievance on it." *Id.* at 16 (Perry Dep. at 15:23-25). Specifically, Mr. Perry submitted an informal grievance to Mr. Snyder. *Id.* at 20 (Perry Dep. at 19:8-9). Mr. Snyder responded: "The decision to have it on commissary or not is a Central Office decision. You are allowed to order this item from an outside vendor since it is not on commissary. Therefore, you are not being restricted from an opportunity to have one." Dkt. 70 p. 13. Mr. Perry then filed a formal grievance and a facility appeal, which were both denied. Dkt. 65-1 at 22-23 (Perry Dep. at 21:17-21, 22:7-9). Mr. Perry then appealed to IDOC's central office. *Id.* at 24 (Perry Dep. at 23:5-6). Isaac Randolph denied Mr. Perry's appeal. *Id.* at 24 (Perry Dep. at 23:11-13).

### III. Discussion

Defendants Liebel and Randolph seek summary judgment on Mr. Perry's religious items claim.

#### A. *RLUIPA and First Amendment*

First, Mr. Liebel and Mr. Randolph seek summary judgment on Mr. Perry's claims. They argue that the unavailability of the Star of David pendant when Mr. Perry requested it did not violate his rights under the First Amendment or RLUIPA.

RLUIPA provides broader protection of religious practice than the First Amendment, *see Holt v. Hobbs*, 574 U.S. 352, 357-58 (2015), so the Court will apply RLUIPA's standard to Mr. Perry's claim. Under RLUIPA, the IDOC may not impose "a substantial burden on the religious exercise" of inmates, unless it "demonstrates that imposition of the burden ... (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). A substantial burden is one that

3

"'seriously' violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 Fed. Appx. 561, 567 (7th Cir. 2015) (quoting *Schlemm v. Wall*, 784 F.3d 362, 364-65 (7th Cir. 2015)). The inmate "bears the burden of persuasion on the issue of whether the challenged practices substantially burden the exercise of their religion." 42 U.S.C. § 2000cc–2(b); *Holt*, 574 U.S. at 361. Once the inmate establishes a substantial burden on his exercise of religion, the burden shifts to the defendants to show that their actions were "(1) [] in furtherance of a compelling governmental interest; and (2) [] the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

The defendants argue that they did not substantially burden Mr. Perry's rights because, while the Star of David pendant was not available when Mr. Perry tried to purchase it, other Jewish religious items were available for purchase on commissary.

The Court agrees that the unavailability of the Star of David pendant for purchase on commissary did not substantially burden the exercise of Mr. Perry's religion. First, Mr. Perry does not contend that he was prohibited from possessing the pendant or obtaining it from another source. In fact, the record reflects that Mr. Snyder told him in response to his informal grievance that he could order the item from an outside vendor. Dkt. 70 p. 13. Mr. Perry has not shown that he could not have done so, and he thus has not shown that the defendants' actions caused him to violate his religious beliefs. *Cf. Smith v. Jensen*, 2016 WL 3566281, at 5 (W.D. Wis. 2016) (no evidence that denial of right to use particular clip art when creating religious documents causes the plaintiff to violate his religious beliefs). Further, Mr. Perry has failed to show that the cost of obtaining it from an outside source was higher than the cost of obtaining it on commissary and therefore has not shown that any added expense burdened his religious practices. *Cf. Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019) (holding that requiring inmate to pay for religiously required meals

4

substantially burdened the practice of his religion). Thus, Mr. Perry has failed to meet his burden to show that his religious practice was substantially burdened, and the defendants are entitled to summary judgment on his RLUIPA and First Amendment claims.

      B. *Equal Protection*

The defendants also seek summary judgment on Mr. Perry's Equal Protection claim.

"The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). To succeed on his equal protection claim, Mr. Perry must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).

The defendants argue that Mr. Perry cannot establish an Equal Protection claim because he was not treated differently from similarly situated individuals because a kippah was available for purchase and because Jewish religious items were not the only items unavailable on the order form. For example, at the time Mr. Perry tried to purchase a Star of David pendant, a black hijab shawl and a 20-inch rope chain were also not listed as active. Dkt. 65-3. In short, the commissary list contained a small sampling of items from various religious traditions. *Id*. Some of those were available, while others were not. *Id.* There is no evidence that the unavailability of any particular item was the result of discriminatory motivation on the part of Mr. Liebel or Mr. Randolph. Mr. Perry has therefore failed to show that he was treated differently than any other inmate seeking to purchase religious materials and the defendants are entitled to summary judgment on his Equal Protection claim.

5

C. *Retaliation*

Mr. Perry also contends in his summary judgment briefing that the defendants retaliated against him. But Mr. Perry alleged no retaliation claim in his amended complaint, dkt. 24, or his supplemental complaint, dkt. 28. And the Court identified no retaliation claim in its screening orders. Dkt. 9, 32, 39. Thus, no retaliation claims are proceeding in this case.

## IV. Conclusion

For the following reasons, the motion for partial summary judgment, dkt. [64], is **granted**. Mr. Perry's claims based on his assertion that he could not purchase the Star of David pendant on commissary are **dismissed**. Mr. Perry's motion to supplement memorandum, dkt. [77], is **granted** only to the extent that his supplement was considered in ruling on the motion for partial summary judgment.

No partial final judgment shall issue as to these claims. Because the only claim against defendant Isaac Randolph in this case is the religious item claim, the **clerk shall terminate** I. Randolph as a defendant.

Mr. Perry's religious diet claims remain and will proceed to settlement negotiations or a trial if one is necessary. If Mr. Perry wishes to request that the Court attempt to recruit counsel to represent him for these purposes, he should file a motion for assistance with recruiting counsel. The **clerk shall include** a form motion with his copy of this Order. Mr. Perry shall file the motion **by August 24, 2020**.

**IT IS SO ORDERED.**

Date: 7/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel